IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

TRAVIS D. SPENCER,            )
                              )
        Plaintiff,            )
                              )
vs.                           )   Case No. 11-4214-CV-C-ODS
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social Security, )
                              )
        Defendant.            )

## ORDER AND OPINION AFFIRMING FINAL DECISION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income. The Commissioner's decision is affirmed.

## I. BACKGROUND

Plaintiff is a 30-year-old male with no past relevant work. The ALJ found Plaintiff suffered from the following severe impairments: affective disorder; post-traumatic stress disorder; personality disorder; and substance abuse disorder.

The ALJ determined Plaintiff retained the ability to perform a full range of work at all exertional levels except for certain moderate limitations caused by his mental impairments. According to a vocational expert (VE) who testified at Plaintiff's hearing, a hypothetical worker with the abilities described by the ALJ would be able to work as a hotel housekeeper, laundry worker, and automobile detailer. Based on the VE's testimony, the ALJ concluded that Plaintiff would be able to make a successful adjustment to other work that exists in significant numbers in the national economy, precluding a finding of disability.

## II. DISCUSSION

The Court must affirm the ALJ's decision if it is supported by substantial evidence on the record as a whole. *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011). Substantial evidence is relevant evidence a reasonable mind would accept as adequate to support a conclusion. *Id.*

At Plaintiff's hearing he testified that he experienced "flashbacks" two to three times per week. The ALJ discredited this statement, and Plaintiff's sole argument is that the ALJ erred in doing so.

Although the ALJ did not specifically detail why she discredited Plaintiff's testimony that he experienced flashbacks two to three times per week, the ALJ did find that Plaintiff's testimony was not credible to the extent it was inconsistent with the ALJ's RFC assessment. The ALJ also found that the RFC assessment was supported by the medical records and the opinion of Plaintiff's treating psychiatrist. These findings are supported by substantial evidence in the record as a whole.

The ALJ's RFC assessment reflected the opinion of Plaintiff's treating psychiatrist, who rendered her opinion approximately 2 months before Plaintiff's hearing. Most, if not all, of the limitations noted by the psychiatrist were included in the RFC assessment. Notably, Plaintiff's treating psychiatrist did not opine Plaintiff suffered from flashbacks. And the VE testified that a person with these limitations could work.

The psychiatrist's opinion was supported by the record, which contains approximately 4 years of treatment notes. Only one time is there a reference to flashbacks, when Plaintiff indicated in July 2010 that he experienced them. Not once did Plaintiff ever report to his treating sources that he was experiencing flashbacks two to three times per week. The lone reference to flashbacks in 2010 provides little support for Plaintiff's claim of frequent, debilitating flashbacks.

The Court acknowledges the record indicates Plaintiff suffered from mental impairments and that he experienced limitations because of these impairments. But the record does not support Plaintiff's allegations of disability. A treatment note from the Missouri Department of Corrections dated February 5, 2009 (about 2 weeks before he

applied for benefits), states Plaintiff had made "notable progress" in reducing his anxiety. After his release from confinement, Plaintiff established care at New Horizons Community Support Services in June 2009. By February 2010, his staff worker there was considering closing his case because his involvement with the program had been "minimal." His case was eventually closed in October, and the discharge note documents that his staff worker had attempted to contact Plaintiff for a few months prior to discharge without sufficient follow-up from him. Plaintiff's final treatment note in the record, dated January 17, 2011, is from his family care physician. Among other things, his physician noted Plaintiff had been accepted at a college and that "Voc Rehab" was helping with expenses. She also noted Plaintiff was walking at least several blocks a week and felt good about himself.

Plaintiff notably does not argue his records support a finding of disability; rather, he merely contends the ALJ did not properly discredit his testimony of flashbacks. But the ALJ gave good reasons for finding Plaintiff's testimony to be not credible overall, so reversal is not required. *Finch v. Astrue*, 547 F.3d 933, 935–36 (8th Cir. 2008). Substantial evidence in the record as a whole supports the ALJ's decision that Plaintiff was not disabled.

### III. CONCLUSION

The ALJ's decision is affirmed.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 27, 2012    UNITED STATES DISTRICT COURT

3